

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

*Travis Co*

Honorable C. R. McNamee
Director, Rate Division
Railroad Commission of Texas
Austin, Texas

Dear Sir:

Opinion No. O-3983
Re: The applicability of
Articles 4005, 4006 and
4008, Vernon's Annotated
Civil Statutes, to motor
carriers.

We acknowledge receipt of your request for an opinion on the construction of Articles 4005, 4006 and 4008, Vernon's Annotated Civil Statutes.

In your request you state that you have had an inquiry from a motor carrier as to whether or not they may transfer merchandise for charitable institutions at less than published tariff rates. In the questions asked by you you do not use the words "charitable institutions" but use the words "charitable purposes". In order to remove the ambiguity and contradiction in your request, we are reframing the question No. 1 as follows:

"1. May the motor carriers operating for hire in Texas transport property for charitable institutions, free of charge, in the same manner, and under the same conditions, that the steam railroads etc., are permitted to do so under the Anti-Pass Law?"

Your question No. 2 is stated as follows:

"2. May the motor carriers operating for hire in Texas transport property for charitable or other purposes and under special conditions, at reduced special rates, where authority therefor has first been obtained from the Railroad

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable C. R. McNamee, Page 2

Commission of Texas, in the same manner that the steam railroads and others are permitted to do so under the Anti-Pass Law?"

In answer to question No. 1, you are advised that Article 4005 prohibits the carriage of property free of charge by steam or electric railway companies, or other transportation companies, interurban railway companies, sleeping car companies, telegraph companies, telephone companies, or persons operating the same. Article 4006 provides certain exceptions to Article 4005, but we do not find anything therein which permits the transportation of property by those companies free of charge for <u>charitable institutions</u>. We are, therefore, of the opinion that neither railroad companies nor motor carriers are permitted to carry property free of charge for charitable institutions. Your question No. 1 is, therefore, answered in the negative.

In our opinion No. O-445, a copy of which is enclosed herewith, we held that the provisions of the Anti-Pass Law, Articles 4005 to 4015, inclusive, governing railroads were applicable to motor busses. For the same reasons stated therein, it is our opinion that said law applies to motor carriers. You are, therefore, advised that a motor carrier may make special rates for special occasions or under special conditions, provided authority therefor is first obtained from the Railroad Commission of Texas.

We therefore answer your question No. 2 in the affirmative.

Trusting that the foregoing fully answers your inquiry, we are

Yours very truly

APPROVED FEB 5, 1941

ATTORNEY GENERAL OF TEXAS

ATTORNEY GENERAL OF TEXAS

By Richard H. Cooke
Assistant

RHC:GO


APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN